THE RED RIVER RAIL ROAD COMPANY *v.* JOHN G. YOUNG.

APPEAL from the District Court of Rapides, *King*, J.    The plaintiffs were incorporated by an act approved the 2d of April, 1835; and they sue to recover two instalments of five per cent, on a subscription to the stock of the Company to the amount of $5000, made on the 20th of the same month.    The plaintiffs are appellants from a verdict and judgment in favor of the defendant.

*Brent* and *O. N. Ogden*, for the appellants.

*Elgee*, for the defendant.    The plaintiffs seek to recover from the defendant $500, being ten per cent on fifty shares of stock of the Company, which they allege he subscribed for, and which he *contracted, at the time of subscribing, to pay.*

If it can be shown, that at the period of subscribing, there were no persons authorized by law, with whom the defendant could contract, the court must decide, that there could be no valid obligation on the part of the defendant, there not being that *aggregatio mentium* which is essential to the formation of a contract.

On the 2d of April, 1835, (see Acts of 1835, p. 194,) the act incorporating the Red River Rail Road Company was approved by the Governor.    On what day it was published in the State Gazette, does not appear; but it is clear, that supposing it to have been published the day after its passage or approval, the 3d of April, 1835, *it was not a law in the parish of Rapides until the 3d of May, in the same year.*    (See Bullard & Curry's Digest, p. 541.)    Yet on the 20th of April, 1835, only *eighteen days* after the approval of the act by the Governor, certain persons therein named as Commissioners for Alexandria, in that parish, assumed to act as such, and did sit, and receive subscriptions under color of a law, which, legally speaking, was in fact no law.

These Commissioners, then, could not validly contract for the Company.    Their only authority for so doing was under the law, which, as has been seen, was not in operation.    So far, then, as the defendant is concerned, his contract with these Commissioners was a *nudum pactum*; for since they could not legally give him a title

to fifty shares of stock, so neither can they, or the Company, on the other hand, sue him for a performance of his contract.

Supposing the defendant, on the 20th of April, 1835, to have said that he was willing to take fifty shares in the stock of the Company, who, on that day, was authorized to accept of his proposition? No one ; and yet, without an acceptance, there is no contract.

·The other grounds of defence are waived.

MARTIN, J. The plaintiffs are appellants from a judgment, which rejected their claim on the defendant, for two instalments of two hundred and fifty dollars each, on his stock in the Company.

He pleaded, that the suit ought to have been brought in the name of the President, Directors and Company ; that it could only be brought on the authorization of the Board of Directors ; and that there is no such Board legally instituted. He denied that he was a stockholder, and pleaded the general issue.

The suit is rightly brought in the name given to the Company by its charter. It appears that the defendant took stock in the Company. The charter required an instalment of two hundred and fifty dollars at the time of the subscription, and another of the same amount at a subsequent period, which is long ago elapsed. It has been contended, that as the charter required the payment of one instalment at the time of subscribing, the Commissioners had no right to dispense therewith, and that so the subscription became without effect. The neglect of the Commissioners to demand, and of the defendant to effect the payment of the first instalment, might have been urged against him as a ground to annul his subscription ; but he cannot be permitted to avail himself of his own wrong in delaying the payment. He has further urged, that the Board did not publish the advertisement required by the charter, on their call for partial payment from the subscribers. The two instalments claimed are demanded under an express provision of the charter, and not in virtue of any call of the Board.

. It is, therefore, ordered, that the judgment be annulled and reversed, and that the plaintiffs recover from the defendant the sum

of five hundred dollars, with interest, at the rate of five per cent, from the inception of this suit, and costs in both courts.*

---

* *Elgee*, for a re-hearing.   The points on which the court has decided this case, were not considered tenable, and were, on reflection, expressly waived.   No notice has been taken of the argument on which the defendant solely relies, to wit, that the Company had no legal existence at the date of the subscription.   A re-hearing is prayed for exclusively on that point.

*Re-hearing refused.*